UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
BRUCE WILLIAMS, : NOT FOR PUBLICATION
:
                     Plaintiff, :
: MEMORANDUM & ORDER
     -against- :
: 18-CV-921 (ENV)(JO)
CITY OF NEW YORK, QUEENS COUNTY :
DISTRICT ATTORNEY RICHARD BROWN, :
NEW YORK CITY POLICE DEPARTMENT, :
OFFICER JEAN-LOUIS of the NYPD's :
114th Precinct, ALBERTO GARCIA, :
:
                     Defendants. :
------------------------------------------------------------- x
VITALIANO, D.J.

      On February 9, 2018, Plaintiff Bruce Williams filed this *pro se* civil rights action against defendants Alberto Garcia, Police Officer Amadee Jean-Louis, the New York City Police Department ("NYPD"), the City of New York, and Richard Brown, the Queens County District Attorney. He has moved to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915, which is granted. For the reasons that follow, though, the complaint is dismissed, but with leave to amend it.

## Background

      The complaint appears to allege a claim born of the marriage of personal vengeance and public corruption. Williams asserts that he has been repeatedly targeted by Garcia, his neighbor and rival, with the help of NYPD Officer Jean-Louis—both of whom, he says, are "bent on revenge" against him, for reasons unknown. Compl. at 9, Dkt. 1. Specifically, plaintiff recounts a November 2015 dispute in which Garcia attempted to "exact retribution for [plaintiff] disrespecting his dog," *id.*, whatever "disrespecting" a dog might mean. According to Williams, Garcia assaulted him, "emboldened by the help he got from 2 policemen from the 114 precinct in

1

Queens," and caused such "severe[ ]" injury to him that he "was made to wear gloves." *Id*. Next, Williams alleges that, presumably as a result of the altercation, he was arrested, but Garcia was not. In furtherance of prosecution, he claims, both Garcia and Jean-Louis "made numerous false claims under oath, unaware there was video that contradicted their stories." *Id*. Plaintiff does not provide a name or docket number for the case in which this testimony was given.

After another incident, in which Garcia allegedly "woke the whole neighborhood . . . at 2 AM shouting drunken threats at the top of his lungs," Garcia avoided arrest by "telling the police [that plaintiff] was taking pictures of his child" and showing police a "now defunct restraining order [Garcia] had falsely obtained." Compl. at 9. In addition, in a catchall lawsuit, Williams complains, without any factual underpinning, that NYPD and the Queens County District Attorney have "victimized" him for "almost 40 years" by inflicting "all types of indignities". *Id.* at 10-11.

Plaintiff broadly describes his claims as seeking recovery for violations of the "first amendment among other violation[s]." Compl. at 4. He demands $75 million in damages, the opportunity to audit NYPD, and a judgment declaring unconstitutional "the laws known as 50 A and 50 H." *Id*. at 10-11.

## Standard of Review

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the district court reviewing it must grant leave to amend it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation

2

omitted). At the same time, in keeping with the balanced purposes of the *in forma pauperis* statute, the reviewing court must also be mindful that it is obligated to dismiss a case if the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

There are rules, moreover, that guide all pleaders, including those proceeding *pro se*, regarding the type of content they must include in their complaints. Specifically, Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide "(1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). A qualifying pleading entails "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* "[A] plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal quotations and citations omitted).

## Discussion

Since it cannot divine any other basis for jurisdiction, the Court liberally construes plaintiff's complaint as brought pursuant to 42 U.S.C. § 1983, which provides, in pertinent part:

> Every person who, under color of any statute, ordinance regulation, custom, or usage, of any State or Territory or the

3

> District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 "itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999); *see also Teaque v. Dep't of Corr. City of New York*, No. 18-CV-3751 (PKC)(LB), 2018 WL 3442642, at *2 (E.D.N.Y. July 17, 2018). In order to maintain a § 1983 action, a plaintiff must show that each defendant (1) acted under color of state law, (2) to deprive the plaintiff of a right arising under the Constitution or federal law.

Preliminarily, it must be observed that review of the complaint has been made more difficult by Williams's specific invocation of the First Amendment, on the one hand, and his boundless allusion to all of the Constitution and federal law on the other. Drilling down on the First Amendment, in order to plead a claim rooted in it plausibly, he must show that "(1) he has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right." *Curley v. Vill. of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001). Williams, however, does not indicate what First Amendment interest he believes was targeted by defendants; if it was his right to free speech, he does not describe what protected speech he was engaged in at the time of the events referenced in the complaint. Nonetheless, the complaint's allegations must be examined as to each defendant to determine whether a § 1983 claim has been adequately pleaded against parties who may be subject to liability, or, if not, whether a rule-compliant amendment of the claim is feasible.

I. Alberto Garcia

Williams's claims cannot proceed against defendant Garcia, a private individual whose conduct is not attributable to the state. *See Gault v. NYPD*, No. 15-CV-935 (PKC), 2016 WL 3198281, at *2 (E.D.N.Y. June 8, 2016) (dismissing section 1983 claims against private defendants). Conduct by private actors, "no matter how discriminatory or wrongful, is generally beyond the reach of section 1983." *Id.* (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999)). Thus, the complaint is dismissed as to Garcia, because it fails to state a claim on which relief may be granted.

II. Police Officer Jean-Louis

The claim against Police Officer Jean-Louis rests on two grievances: (1) his failure to arrest Garcia, and (2) his allegedly wrongful arrest of Williams. As to the first ground, an individual does not have "a constitutional right to bring a criminal complaint against another individual." *Lewis v. Gallivan*, 315 F. Supp. 2d 313, 316-17 (W.D.N.Y. 2004); *see also Lis v. Leahy*, No. 90-CV-834E, 1991 WL 99060 (W.D.N.Y. June 3, 1991) ("A private citizen does not have a constitutional right to initiate or to compel the initiation of criminal proceedings."). In the American system, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973). As a consequence, plaintiff does not plausibly allege that, by failing to arrest Garcia when he was arrested, Police Officer Jean-Louis deprived Williams of some constitutional or other federal right.

A second ground of liability, based on what Williams essentially claims was a false arrest, is lurking below the face of the complaint. In its current pleading, though, it comes up short. To plead a § 1983 claim for false arrest, Williams must show that "(1) the defendant

intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Weyant v. Okst*, 101 F.3d 845, 853 (2d Cir. 1996) (alteration in the original) (internal quotation marks and citation omitted). Plaintiff should note, moreover, that while a plaintiff need not disprove any potential affirmative defenses that the named defendant may raise, he should keep in mind that probable cause for an arrest "is a complete defense" to a false arrest claim. *Id.* at 852 (quoting *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994)). So, although the entire claim against Police Officer Jean-Louis must be dismissed at this juncture, Williams is granted leave to replead that portion based on the claim that he was falsely arrested by Officer Jean-Louis, and he must support that claim by pleading facts that show why and how the arrest was false. His conclusory claim that he was falsely arrested will not suffice.

### III. NYPD

The action cannot proceed against NYPD, as it is not the appropriate entity to name as a defendant here. The New York City Charter requires actions against city agencies to be "brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 17 § 396. Since NYPD "is a non-suable agency of the City", any suit regarding NYPD conduct must be brought against the City of New York instead. *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Lopez v. Zouvelos*, No. 13-CV-6474 (MKB), 2014 WL 843219, at *2 (E.D.N.Y. Mar. 4, 2014) (dismissing all claims against NYPD as a non-suable entity). Therefore, the complaint is dismissed as to NYPD, because it fails to state a claim on which relief may be granted. Amendment being futile, leave to amend claims against NYPD is, of course, denied.

IV. <u>City of New York</u>

As noted, while the City of New York is the proper defendant for lawsuits addressing the actions of its agencies, Williams fails to state a claim against it in this complaint. To allege that a municipality is liable under § 1983, in what is known as a *Monell* claim, plaintiff must allege (1) the existence of an officially adopted policy or custom that caused injury, and (2) a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 692, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). The City of New York, in other words, may be liable only for official municipal policy, including "practices so persistent and widespread as to practically have the force of law," because such policies are "actions for which the municipality is actually responsible." *Connick v. Thompson*, 563 U.S. 51, 61, 131 S. Ct. 1350, 179 L. Ed. 2d 417 (2011) (citation omitted). Furthermore, *Monell* claims must satisfy the same plausibility standard as other claims. *See Plair v. City of New York*, 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011).

Plaintiff's conclusory assertion that he has been "victimized by the NYPD" for "almost 40 years" does not satisfy these standards; it does not describe any specific conduct by which plaintiff has been victimized, much less an official or widespread policy that has caused the deprivation of any constitutional right. As a result, because it fails to state a claim on which relief may be granted, the complaint against the City of New York is dismissed.

V. <u>District Attorney Richard Brown</u>

The complaint cannot proceed against District Attorney Brown or his office. First, as an official arm of the State of New York, the Queens County District Attorney's office is entitled to immunity under the Eleventh Amendment. *Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993) (district attorney represents the State when prosecuting a criminal matter).

Second, Williams does not allege that District Attorney Brown was personally involved in the events described in the complaint or in any alleged constitutional violation. *See Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). Furthermore, District Attorney Brown, even if personally involved, would be entitled to absolute immunity from liability for acts carried out in his prosecutorial capacity. *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). The complaint against District Attorney Brown and his office is, accordingly dismissed. Amendment being futile, leave to amend these claims is denied.

Williams's vague claim as to the unconstitutionality of an unspecified New York State statute is frivolous at best, and is also dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Conclusion

For the reasons set forth above, the complaint is dismissed as to defendants Garcia, NYPD, City of New York, and District Attorney Richard Brown. The complaint is dismissed against Police Officer Jean-Louis, but with leave to amend for the purpose of asserting a false arrest claim as set forth above.

Plaintiff is granted leave to file an amended complaint against Police Officer Jean-Louis only within 30 days from the entry of this Memorandum and Order. Any amended complaint must be captioned "Amended Complaint" and bear the docket number 18-CV-921 (ENV)(JO). The amended complaint must state (1) the date of plaintiff's arrest, (2) the name of the officer(s) who arrested him, (3) the exact charge(s) for which he was arrested, and (4) whether the case is ongoing or has been dismissed. The amended complaint shall replace the original complaint and be reviewed for compliance with this Memorandum and Order. If plaintiff elects not to file an amended complaint, or fails to do so in a timely manner, judgment shall be entered dismissing

this action in its entirety. All other proceedings in this case are stayed until further order of the Court.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). The Clerk of Court is directed to mail a copy of this Memorandum and Order to plaintiff.

So Ordered.

Dated: Brooklyn, New York

September 8, 2018

/s/ Hon. Eric Vitaliano

ERIC N. VITALIANO

United States District Judge