UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

BRUCE WILLIAMS,

                Plaintiff,

              -against-

CITY OF NEW YORK; RICHARD
BROWN, Queens District Attorney; NEW
YORK CITY POLICE DEPARTMENT;
OFFICER AMADEE JEANLOUIS of the
114th Precinct; and ALBERTO GARCIA,

                Defendants.
-----------------------------------------------------x

**MEMORANDUM AND ORDER**
18-CV-921 (RPK) (PK)

RACHEL P. KOVNER, United States District Judge:

      Plaintiff Bruce Williams, proceeding *pro se*, alleges that New York City Police Officer Amadee Jeanlouis violated his constitutional rights under 42 U.S.C. § 1983 through false arrest, malicious prosecution, the denial of the right to a fair trial, and civil conspiracy. *See* Am. Compl. (Dkt. #5). Officer Jeanlouis has moved for summary judgment on those claims. For the reasons that follow, Officer Jeanlouis's motion for summary judgment is granted.

## BACKGROUND

      The following facts are undisputed unless otherwise noted. Around 7:30 A.M. on November 10, 2015, plaintiff was outside his residence in Queens, New York, tending to his garbage cans, when he encountered his neighbor, Alberto Garcia. Defendant's Local Rule 56.1 Statement of Facts ¶ 1 ("Def. 56.1") (Dkt. #47); Plaintiff's Local Rule 56.1 Counterstatement of Facts ¶ 1 ("Pl. 56.1") (Dkt. #43); Decl. of Giancarlo Martinez ("Martinez Decl."), Ex. E at 27:9-28:13 ("Williams Dep.") (Dkt. #48-5). Plaintiff and Garcia argued, and the conflict escalated into a physical fight. *See* Def. 56.1 ¶¶ 2, 11-14; Pl. 56.1 ¶¶ 2-4, 7-8.

1

Officer Jeanlouis and other police officers arrived at the scene. *See* Def. 56.1 ¶ 2; Pl. 56.1 ¶¶ 2-4. Garcia told Officer Jeanlouis that plaintiff had started an argument and then punched Garcia in the face. Def. 56.1 ¶ 2; Pl. 56.1 ¶ 2; Martinez Decl., Ex. B ("Crim. Compl.") (Dkt. #48-2); Martinez Decl., Ex. D ("Trial Tr.") at 16:9-17:25 (Dkt. #48-4). Garcia had a broken nose and bruising to the forehead and was taken to Astoria General Hospital. Def. 56.1 ¶ 3; Pl. 56.1 ¶ 3; Crim. Compl. Plaintiff refused medical treatment from Emergency Medical Services. According to plaintiff, he "refused medical aid because [he] needed none" and had avoided any "serious injury" "by bringing [his] knee up twice and hitting [Garcia] where [plaintiff] could." Pl. 56.1 ¶ 4; *see* Def. 56.1 ¶ 4; Martinez Decl., Ex. J ("Prehospital Care Report") (Dkt. #48-10).

Officer Jeanlouis arrested plaintiff. He also filed a criminal complaint, an arrest report, and an accompanying affidavit on the date of the arrest. *See* Crim. Compl.; Martinez Decl., Ex. C ("Arrest Report") (Dkt. #48-3); Martinez Decl., Ex. K ("Officer Jeanlouis Aff.") (Dkt. #48-11). The affidavit stated that Garcia informed Officer Jeanlouis that plaintiff "punched [Garcia] in the face and hit [Garcia] in the nose with [plaintiff's] knee causing a fractured nose and bruising to [Garcia's] forehead." Officer Jeanlouis Aff. at 1. Plaintiff was charged with assault in the third degree under New York Penal Law 120.00-1 and harassment in the second degree under New York Penal Law 240.26-1. *See* Def. 56.1 ¶ 6; Pl. 56.1 ¶ 6. Plaintiff proceeded to a bench trial, at which Garcia and Officer Jeanlouis testified. *See* Def. 56.1 ¶¶ 9-10; Trial Tr. at 16-17; *see also* Jeanlouis Tr. at 89-99 (Dkt. #43). Officer Jeanlouis testified during the trial that he arrived at the scene around 7:40 A.M. and saw plaintiff and Garcia "rolling around." Jeanlouis Tr. at 89:3-10, 91:16-17. Officer Jeanlouis stated that he spoke to Garcia and saw that Garcia was injured. *See id.* at 92:7-93:9. He also stated that he saw that plaintiff was barefoot. *See id.* at 99:3-10. Officer Jeanlouis testified that in deciding to arrest plaintiff and not Garcia, he considered each party's

injuries—including that plaintiff had a bruised forehead—before determining that plaintiff was the "primary aggressor." *See id.* at 96:6-99:7.

The trial judge found plaintiff not guilty of assault and harassment. Trial Tr. at 70:9-71:14 (Dkt. #48-7). The judge had "no doubt that there [was] an altercation" in which "[b]oth parties sustained some injury to an extent." *Id.* at 70:23-25. But he determined that absent an eyewitness, the court could not ascertain beyond a reasonable doubt "what happened[,] particularly how the altercation started." *Id.* at 70:19-23. Plaintiff was therefore acquitted of both charges. *See* Def. 56.1 ¶¶ 9-10; Pl. 56.1 ¶¶ 9-10; Martinez Decl., Ex. F ("Cert. of Disposition") (Dkt. #48-6).

Plaintiff filed this lawsuit against the City of New York, the New York City Police Department, Queens District Attorney Richard Brown, Garcia, and Officer Jeanlouis in 2018. *See* Compl. (Dkt. #1). He filed an amended complaint later that year, naming as defendants the City of New York and Officer Jeanlouis. *See* Am. Compl. (Dkt. #5). In the amended complaint, plaintiff alleges that Garcia had frequently harassed plaintiff in the past. *Id.* at 9. He alleges that on the day when he was arrested, plaintiff "was returning to his house, walking in the opposite direction" from Garcia, when Garcia "ran back to plaintiff's residence and assaulted" plaintiff. *Ibid.* He alleges that Garcia "s[at] on top of plaintiff for more than five minutes." *Ibid.* Plaintiff further alleges that "Garcia slammed plaintiff's head into the ground." *Id.* at 10. Plaintiff alleges that he was asked "to get into [an] ambulance" and "[m]ade to wear gloves" to do so "because of the severity of the injuries." *Ibid.* But he states that he refused medical treatment because he "was able to stop the attack before permanent injury could occur." *Ibid.*

Plaintiff alleges that before his November 2015 arrest, plaintiff had three "previous encounters with Officer Jeanlouis where plaintiff was punished for exercising his free speech rights." *Id.* at 8. Plaintiff alleges Officer Jeanlouis "testified falsely about many things while

3

under oath" and "used his authority to arrest [plaintiff]" in an effort "to get revenge" for these past incidents. *Ibid.* Although plaintiff alleges that the "basis of jurisdiction" for his suit was the First and Thirteenth Amendments, *ibid.*, his "statement of claims" centers on plaintiff's conflict with Garcia in November 2015 and plaintiff's subsequent arrest and prosecution, *id.* at 9. Both parties have treated the amended complaint as advancing four claims under 42 U.S.C. § 1983: false arrest, malicious prosecution, denial of the right to a fair trial, and civil conspiracy. *See generally* Def.'s Mem. L. in Supp. of Summ. J. ("Def. Br.") (Dkt. #49); Pl. Opp'n to Summ. J. at 3-7 ("Pl. Opp'n") (Dkt. #43).

Judge Vitaliano *sua sponte* dismissed plaintiff's claims against the City of New York under 28 U.S.C. § 1915 for failure to state a claim, but he allowed plaintiff's claims to proceed against Officer Jeanlouis. *See* Order Dated Nov. 28, 2018 (Dkt. #6). This case was subsequently reassigned to me. Officer Jeanlouis has now moved for summary judgment on the claims against him. *See* Def. Notice of Mot. for Summ. J. (Dkt. #46). Officer Jeanlouis argues that plaintiff's false arrest claim should fail because there was probable cause to arrest and detain plaintiff, and that plaintiff has failed to raise a genuine issue of material fact as to any claims of malicious prosecution, denial of a right to a fair trial, or civil conspiracy. In addition, Officer Jeanlouis argues that he is entitled to qualified immunity on all of plaintiff's claims.

## STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a factual dispute is material if it "might affect the outcome of the suit under the governing law." *Frost v. New York City Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020). In

4

determining whether there is a genuine issue of material fact, a court evaluates the whole record, resolving all ambiguities and drawing all permissible factual inferences in favor of the non-movant. *See ibid.*

Plaintiff is proceeding *pro se*. "It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020).

## DISCUSSION

Officer Jeanlouis is entitled to summary judgment on plaintiff's remaining claims.

### I. False Arrest

Officer Jeanlouis is entitled to summary judgment on plaintiff's claim of false arrest because there is no genuine dispute of material fact as to whether Officer Jeanlouis had probable cause to arrest plaintiff. In analyzing Section 1983 claims for unconstitutional false arrest, the court generally looks to the law of the state in which the arrest occurred. *See Davis v. Rodriguez*, 364 F.3d 424, 433 (2d Cir. 2004). A plaintiff claiming a violation of his constitutional rights based on false arrest under Section 1983 must show that (i) the defendant intended to confine him, (ii) the plaintiff was conscious of the confinement, (iii) the plaintiff did not consent to the confinement, and (iv) the confinement was not otherwise privileged. *Hernandez v. United States*, 939 F.3d 191, 199 (2d Cir. 2019); *see Gonzalez v. City of Schenectady*, 728 F.3d 149, 155 (2d. Cir. 2013). As to the last element, "an act of confinement is privileged if it stems from a lawful arrest supported by probable cause." *Hernandez*, 939 F.3d at 199 (quoting *De Lourdes Torres v. Jones*, 47 N.E.3d 747, 760 (N.Y. 2016)). Therefore, "[p]robable cause is a complete defense to a constitutional claim of false arrest." *Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014). An officer has probable cause if he "has knowledge of, or reasonably trustworthy information as to, facts and

5

circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Ibid.* (quoting *Williams v. Town of Greenburgh*, 535 F.3d 71, 79 (2d Cir. 2008)). Probable cause exists "if a law enforcement officer received information from some person, normally the putative victim or eyewitness, unless the circumstances raise doubt as to the person's veracity." *Ibid.* (quotation marks omitted).

Accordingly, Officer Jeanlouis is entitled to summary judgment on plaintiff's false-arrest claim under Section 1983 if there is no genuine dispute of material fact regarding probable cause for the offenses at issue in plaintiff's case—assault in the third degree under New York Penal Law 120.00, and harassment in the second degree under New York Penal Law 240.26. *See* Officer Jeanlouis Aff.; Crim. Compl.; Arrest Report. A person is guilty of assault in the third degree when (1) "[w]ith intent to cause physical injury to another person," the person "causes such injury to such person or to a third person"; (2) the person "recklessly causes physical injury to another person"; or (3) "[w]ith criminal negligence, [the person] causes physical injury to another person by means of a deadly weapon or a dangerous instrument." N.Y.P.L. § 120.00. As relevant here, a person is guilty of harassment in the second degree if "with intent to harass, annoy or alarm another person," the person "strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same." N.Y.P.L. § 240.26. Under New York Penal Law § 35.15, however, "[a] person may . . . use physical force upon another person when and to the extent he or she reasonably believes such to be necessary to defend himself . . . from what he or she reasonably believes to be the use or imminent use of unlawful physical force by such other person." *Id.* § 35.15(1). The defense is unavailable if "the actor was the initial aggressor." *Id.* § 35.15(1)(b). When such a defense is raised at trial, the prosecution has the burden of disproving it beyond a reasonable doubt. *See id.* § 25.00.

6

Plaintiff cannot survive summary judgment on his false-arrest claim because he has not raised a genuine issue of material fact as to whether Officer Jeanlouis lacked probable cause to arrest him. There is no genuine dispute that Garcia told Officer Jeanlouis that plaintiff had "punched [Garcia] in the face and hit [Garcia] in the nose with [plaintiff's] knee causing a fractured nose and bruising to [Garcia's] forehead." Officer Jeanlouis Aff. at 1; s*ee* Crim. Compl.; Arrest Report. There is also no dispute that Officer Jeanlouis could see that Garcia had a bloody nose, a bruise on his forehead, and a bruise on his hand at the time of the arrest. *See* Jeanlouis Tr. at 93:6-9, 98:24-99:7. Garcia's statements and visible injuries were "sufficient to warrant a person of reasonable caution in the belief" that plaintiff had assaulted or harassed Garcia, *Betts*, 751 F.3d at 82, even if plaintiff claimed that Garcia was the primary aggressor, *see, e.g.*, *Sunan Yan v. City of New York*, No. 09-CV-1435, 2011 WL 6012410, at *7 (E.D.N.Y. Nov. 30, 2011) (holding that police had probable cause to arrest plaintiff for assault and harassment under New York law after plaintiff had physical altercation with neighbor, even though witnesses gave conflicting testimony as to who was the primary aggressor and may have been biased against plaintiff), *aff'd*, 510 F. App'x 59 (2d Cir. 2013); *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 127-28 (2d Cir. 1997) (holding that it was objectively reasonable for a police officer to believe there was probable cause to arrest plaintiff for assault, where officer encountered "visibly injured" victim who "stated that he had been attacked without provocation" by plaintiff, even though plaintiff made "loud protestations of innocence" and "protested that [the victim] had started the fight").

Plaintiff argues that he "was the victim," Pl. 56.1 ¶ 8, and that Garcia was the first aggressor because he "spit in [plaintiff's] face" and "confront[ed]" plaintiff as plaintiff was walking away, *id.* ¶ 7. But courts in this circuit have consistently "found probable cause [to arrest] where a police officer was presented with different stories from an alleged victim and the arrestee." *Curley v.*

7

*Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001); *see Wieder v. City of New York*, 569 F. App'x 28, 29 (2d Cir. 2014) (affirming summary judgment for officers on plaintiff's false-arrest claim "[t]hough there were conflicting accounts of the physical altercation" that gave rise to plaintiff's arrest); *see also, e.g.*, *Ricciuti*, 124 F.3d at 128; *Crews v. Cty. of Nassau*, 996 F. Supp. 2d 186, 205 (E.D.N.Y. 2014); *Daniels v. City of New York*, No. 03-CV-809, 2003 WL 22510379, at *3-*4 (S.D.N.Y. Nov. 5, 2003). And while such probable cause may be undermined when an officer had reason to "doubt" a witness's "veracity" at the time of the arrest, *Betts*, 751 F.3d at 82, plaintiff has not put forward evidence that Officer Jeanlouis had reason to doubt Garcia's account in this case. Although plaintiff suggests that Garcia wanted to get "revenge" against plaintiff for "perceived sleights [sic]," Pl. Opp'n at 5, 7, he does not offer evidence that Officer Jeanlouis was familiar with the alleged prior interactions between plaintiff and Garcia. And while plaintiff suggests that Officer Jeanlouis had a motive to wrongly arrest plaintiff based on their prior interactions, *see id.* at 7, the probable cause inquiry turns on whether the undisputed facts known to Officer Jeanlouis at the time of arrest "objectively provided probable cause" to arrest—not on the officer's subjective motive. *Jaegly v. Couch*, 439 F.3d 149, 153 (2d Cir. 2006). Because there is no genuine dispute of material fact that Officer Jeanlouis had probable cause for plaintiff's arrest, Officer Jeanlouis is entitled to summary judgment on plaintiff's false-arrest claim.

## II.   Malicious Prosecution

Plaintiff similarly cannot survive summary judgment on his malicious-prosecution claim because he has not raised a genuine issue of material fact regarding probable cause. "A § 1983 claim for malicious prosecution looks to the relevant state common law." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 162 (2d Cir. 2013). To prevail on a claim of malicious prosecution under New York law, a plaintiff must show that (i) the defendant initiated a prosecution against

him, (ii) the defendant lacked probable cause to believe the prosecution could succeed, (iii) the proceeding was begun with malice, and (iv) the matter terminated in the plaintiff's favor. *Cameron v. City of New York*, 598 F.3d 50, 63 (2d Cir. 2010). Just as probable cause is a complete defense to a false-arrest claim, "continuing probable cause is a complete defense to a constitutional claim of malicious prosecution." *Betts*, 751 F.3d at 82. "Probable cause, in the context of malicious prosecution, has also been described as such facts and circumstances as would lead a reasonably prudent person to believe the plaintiff guilty." *Stansbury v. Wertman*, 721 F.3d 84, 95 (2d Cir. 2013). Probable cause at the time of arrest supports the initiation of prosecution unless it is "nullified" by "the discovery of information that exculpates the defendant." *Kinzer v. Jackson*, 316 F.3d 139, 144 (2d Cir. 2003). For probable cause to dissipate, "the groundless nature of the charge must be made apparent by the discovery of some intervening fact." *Ibid.* (quoting *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996)); *see Walston v. City of New York*, 754 F. App'x 65, 66 (2d Cir. 2019).

Plaintiff has not raised a genuine issue of material fact as to whether Officer Jeanlouis lacked probable cause to believe the prosecution could succeed at the time that he filed a criminal complaint against plaintiff. As explained above, Officer Jeanlouis had probable cause to arrest plaintiff for assault and harassment. Plaintiff has not pointed to any information that arose after his arrest that would have made apparent to Officer Jeanlouis that the charges against plaintiff were groundless. That is fatal to plaintiff's malicious-prosecution claim. *Kinzer*, 316 F.3d at 144; *see Walston v. City of New York*, 289 F. Supp. 3d 398, 409 (E.D.N.Y. 2018) (granting summary judgment for defendant officers because plaintiff "fails to point to the discovery of some intervening evidence or fact undermining the probable cause that supported the arrest"), *aff'd*, 754 F. App'x 65 (2d Cir. 2019); *Gaston v. City of New York*, 851 F. Supp. 2d 780, 794 (S.D.N.Y. 2012)

9

(granting summary judgment for defendant officer on plaintiff's malicious-prosecution claim because probable cause to arrest existed and plaintiff "[did] not allege that anything occurred between the arrest and prosecution that would negate probable cause"); *Mitchell v. Cty. of Nassau*, 786 F. Supp. 2d 545, 562 (E.D.N.Y. 2011) (dismissing malicious-prosecution claim where the district court found probable cause to support plaintiff's arrest and plaintiff "alleged no intervening facts which would have made it apparent to defendants that the theft of services charge was groundless").

Plaintiff emphasizes that "there was an acquittal" in his criminal case. Pl. Opp'n at 5. But an acquittal after trial establishes the absence of proof beyond a reasonable doubt, not the absence of probable cause. *See Mitchell*, 786 F. Supp. 2d at 562 ("Subsequent dismissal of claims or acquittal do not, however, have any effect upon the probable cause determination."); *Carlisle v. City of New York*, No. 05-CV-6825, 2007 WL 998729, at *3 (S.D.N.Y. Apr. 2, 2007) (granting summary judgment for defendant officers on malicious-prosecution claim where plaintiff "relie[d] on his acquittal to show that a reasonable person could believe the evidence found in his apartment was planted," explaining that "acquittal is evidence of reasonable doubt, not lack of probable cause"). Officer Jeanlouis is therefore entitled to summary judgment on plaintiff's malicious-prosecution claim.

### III. Right to a Fair Trial

Officer Jeanlouis is likewise entitled to summary judgment on plaintiff's claim of denial of the right to a fair trial. A person is denied the right to a fair trial when "an (1) investigating official (2) fabricates information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result." *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279 (2d Cir. 2016). The Second

10

Circuit has emphasized that "the requirements that the information be both false and likely to influence a jury's decision constrain the types of information that can serve as the basis" for such a claim. *Id.* at 280.

Plaintiff has not raised a genuine issue of material fact as to whether he was denied his right to a fair trial, because, at minimum, plaintiff has not put forward evidence of the fabrication of any evidence likely to influence a jury's verdict. Plaintiff suggests that a violation of his right to a fair trial occurred because the prosecution "change[d] the charges at the last minute" and "chang[ed] the date" of the trial "at the last minute when an important witness was scheduled to fly up from Georgia." Pl. Opp'n at 5. But these are not claims of fabricated evidence. Moreover, the record contains no support for plaintiff's contention that the charges or the date of the trial were changed at the last minute. Indeed, the criminal complaint, arrest report, and trial transcript all reflect that plaintiff was charged with and prosecuted for the same two charges—assault and harassment under New York law. *See* Crim. Compl.; Arrest Report; Trial Tr. at 71:7-14. Nor has plaintiff explained how or when the trial date was changed, or how Officer Jeanlouis, a police officer, was responsible for changes to the trial schedule.

Plaintiff also contends that Officer Jeanlouis gave false testimony at his trial. Pl. Opp'n at 5. In particular, plaintiff claims that Officer Jeanlouis testified falsely that he arrived at the scene around 7:40 A.M. and saw plaintiff and Garcia "rolling around," Jeanlouis Tr. at 89:8-10, 91:14-10, because in fact Officer Jeanlouis "didn't arrive on scene until 7:54 A.M. and did not see [plaintiff and Garcia] rolling around," Pl. Opp'n at 7. Plaintiff also alleges that Officer Jeanlouis testified falsely that plaintiff was barefoot at the time of the arrest, Jeanlouis Tr. at 99:3-10, because plaintiff was actually wearing slippers, Pl. Opp'n at 5, 7. Finally, plaintiff claims that Officer Jeanlouis testified falsely that in deciding to arrest plaintiff and not Garcia, he assessed each of

11

their injuries, Jeanlouis Tr. at 93:6-94:6, because plaintiff denies that Officer Jeanlouis investigated plaintiff's injuries, *see* Pl. Opp'n at 7.

Assuming that this testimony was false, plaintiff has not put forward evidence from which a reasonable factfinder could conclude that it was "likely to influence a jury's verdict." *Garnett*, 838 F.3d at 279. The central dispute at plaintiff's trial was who started the altercation between plaintiff and Garcia: the judge found plaintiff not guilty due to insufficient evidence to determine beyond a reasonable doubt "what happened" and "particularly how the altercation started." Trial Tr. at 70:22-23. The precise time at Officer Jeanlouis's arrival, and whether plaintiff was wearing shoes, seem immaterial to those questions. And because there was no dispute at trial that plaintiff and Garcia engaged in an altercation on the ground, *see* Trial Tr. at 55:21-24; Williams Dep. at 46:16-47:18, there would be no basis for a factfinder in this case to conclude that testimony regarding whether plaintiff and Garcia were "rolling around" on the ground at the time that Officer Jeanlouis arrived would have been likely to influence the verdict in the criminal case. Nor is there evidence from which a jury in this lawsuit could conclude that Officer Jeanlouis's trial testimony that he investigated plaintiff's injuries would have been likely to influence a jury in plaintiff's criminal case. Officer Jeanlouis testified at trial that Garcia had a bloody nose, a bruise on his forehead, and a bruise on his hand, but that plaintiff also had bruises on his forehead. Jeanlouis Tr. at 93:6-24. Plaintiff does not put forward evidence of additional injuries. Nor does he explain how Officer Jeanlouis's allegedly false testimony that he assessed plaintiff's injuries was likely to have influenced a fact-finder's conclusion regarding whether Garcia or plaintiff was the first aggressor. In sum, plaintiff has not established a genuine issue of material fact as to whether defendant's allegedly false testimony was likely to influence the verdict in his criminal case. Officer Jeanlouis is therefore entitled to summary judgment on plaintiff's claim of denial of the

12

right to a fair trial. *See, e.g.*, *Soomro v. City of New York*, 739 F. App'x 51, 54 (2d Cir. 2018); *Collins v. City of New York*, 295 F. Supp. 3d 350, 373 (S.D.N.Y. 2018); *Earle v. City of New York*, No. 16-CV-171, 2020 WL 1166706, at *4 (E.D.N.Y. Mar. 10, 2020).

**IV.     Civil Conspiracy**

To prevail on a Section 1983 civil-conspiracy claim, a plaintiff must establish: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Fiedler v. Incandela*, 222 F. Supp. 3d 141, 165 (E.D.N.Y. 2016) (quoting *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999)). "[A] § 1983 conspiracy claim fails as a matter of law where there is no underlying constitutional violation." *Ibid.*

As explained above, plaintiff has not adduced facts that would allow his claims of false arrest, malicious prosecution, or denial of the right to a fair trial to survive summary judgment. Because plaintiff has not raised a genuine factual dispute as to whether he suffered an underlying constitutional violation, Officer Jeanlouis is entitled to summary judgment on plaintiff's conspiracy claim. *See ibid.*; *Bertuglia v. Schaffler*, 672 F. App'x 96, 101-02 (2d Cir. 2016) (affirming grant of summary judgment on plaintiffs' Section 1983 conspiracy claim because the court had "already determined that a jury could not decide in favor of plaintiffs" on their underlying

malicious prosecution and denial of the right to a fair trial claims); *see also Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995).

## CONCLUSION

Defendant's motion for summary judgment is granted.

SO ORDERED.

                                              */s/ Rachel Kovner*
                                              RACHEL P. KOVNER
                                              United States District Judge

Dated: March 31, 2021
       Brooklyn, New York